IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Charlotte Ann Bolton**                                                                              **Plaintiff**

v.                                       No. 4:14-CV–108-JLH-JTK

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                            **Defendant**

### Recommended Disposition

#### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Charlotte Ann Bolton seeks judicial review of the denial of her application for supplemental security income (SSI).[3] Bolton last worked in 2001, as a hotel housekeeper.[4] In May 2005, Bolton's right leg was fractured in a motor vehicle accident; the fractures were surgically repaired.[5] After the injury, Bolton applied for disability benefits. The Commissioner denied that application in 2007.[6]

On September 28, 2011, Bolton reapplied. She reported that she stopped working in 2001 due to her medical condition and based disability on the 2005 leg injury.[7] Although Bolton relies on the 2005 motor vehicle accident as her reason for disability, SSI isn't payable prior to the application date.[8] Thus, this case considers whether Bolton was disabled between September 28, 2011 — the date of the application — and January 31, 2013 — the date of the Commissioner's decision.

**The Commissioner's decision**. After considering the second application, the

---

[3]SSA record at p. 113 (alleging disability beginning Jan. 1, 2005).

[4]*Id*. at pp. 126 & 165.

[5]*Id*. at p. 246 (operative report for repair of comminuted fracture of right distal tibia and fibula).

[6]*Id*. at p. 131 (claim denied on Jan. 9, 2007).

[7]*Id*. at p. 125.

[8]*See* 20 C.F.R. § 416.335.

Commissioner's ALJ determined Bolton has severe impairments — degenerative disc disease of the lumbar spine, osteoarthritis in both hips, and degenerative joint disease in the knee[9] — but she can do some light work.[10] Because a vocational expert identified available light work, the ALJ determined Bolton was not disabled and denied the application.[11]

After the Appeals Council denied review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Bolton filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the decision

---

[9]SSA record at p. 13.

[10]*Id*. at p. 14.

[11]*Id*. at pp. 17-18 & 52-54.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant

and why the ALJ made no legal error.

**Bolton's allegations**. Bolton challenges the determination that she can do some light work; she says an inability to stoop prevents all light work. She complains about the ALJ's evaluation of her credibility; she characterizes the ALJ's evaluation as boilerplate. For these reasons, she maintains substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Bolton can do some light work.[17] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[18] The ALJ placed the following limitations on light work: (1) occasional climbing ramps/stairs, balancing and crawling; and (2) no climbing ladders/ropes/scaffolds, stooping, kneeling, or crouching. The court must determine whether a reasonable mind would accept the evidence as adequate to show Bolton can work within these parameters.

---

disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 18.

[17]See Britton v. Sullivan, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[18]20 C.F.R. § 416.967(b).

**The ALJ had a sufficient basis for discounting Bolton's credibility**. Before determining a claimant's ability to work, the ALJ must evaluate the claimant's credibility.[19] To evaluate Bolton's credibility, the ALJ followed the required two-step process and considered the required factors,[20] so the dispositive question is whether substantial evidence supports the credibility evaluation.

"The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."[21] The ALJ discounted Bolton's complaints of pain based on inconsistency. The ALJ explained why Bolton's limited treatment history contradicts her allegation of disabling pain and limitation.[22] Treatment for the leg injury ended in May 2006.[23] Since then, Bolton saw a medical provider twice: (1) in July 2010 for a skin abscess,[24] and (2) in June 2011 for an eye infection.[25] This frequency contradicts Bolton's claim of disability since 2005.

---

[19]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

[20]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[21]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

[22]SSA record at p. 15.

[23]*Id*. at p. 212 (final treatment for leg injury).

[24]*Id*. at p. 235.

[25]*Id*. at p. 223.

The fatal flaw in Bolton's complaint is the lack of medical evidence. Bolton cannot prove disability with subjective complaints. Instead, she must present "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability."[26] There are no medical signs and findings implicating disability.

The relevant medical evidence consists of a consultative orthopedic exam[27] and diagnostic imaging. Imaging of the back shows a loss of disc space at level L5/S1 with spondylosis.[28] These age-related changes can cause some low back pain, the type that is treated with exercise, physical therapy, and medication. Imaging of the hips shows mild arthritic change in the cavity of the hip bones.[29] The descriptor "mild" suggests no disabling limitation. The imaging shows nothing preventing Bolton from occasionally lifting 20 pounds or frequently lifting or carrying 10 pounds.

The examiner diagnosed degenerative disc disease in the lumbar spine with

---

[26] 42 U.S.C. § 423 (d)(5)(A). *See also* 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[27] SSA record at p. 193.

[28] *Id.* at p. 194.

[29] *Id.*

spondylosis and mild arthritic changes in the hips.[30] Bolton walks with a limp.[31] She cannot squat. She has decreased range motion in the back and hips.[32] She alleges disabling pain, but she has never sought treatment. If her pain is as severe as she claims, she would need medical treatment. The inconsistency between Bolton's claims and her treatment history constitutes substantial evidence supporting the credibility evaluation.

**Light work usually requires some stooping,[33] but an inability to stoop does not prevent all light work**. Bolton's stronger argument is the one about stooping, because that argument applies to step-five of the disability-determination process where the Commissioner bears the burden of proof. When a claimant has a nonexertional limitation, like an inability to stoop, the ALJ can meet the Commissioner's burden by using a vocational expert.[34] A vocational expert can "assess whether jobs exist for a

---

[30]*Id*.

[31]*Id*. at p. 193.

[32]*Id*. at p. 192.

[33]*See* SSR 85-15: Titles II & XVI: Capability to Do Other Work — The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, ¶ 2b; SSR 83-14: Titles II & XVI: Capability to Do Other Work — The Medical-Vocational Rules as a Framework for Evaluating a Combination of Exertional and Nonexertional Impairments.

[34]*Stewart v. Shalala*, 957 F.2d 581, 586 (8th Cir. 1992) (explaining that where "the claimant has a nonexertional impairment…the [Commissioner] must use vocational expert testimony or other similar evidence to meet the burden of showing the existence

person with the claimant's precise disabilities."[35]

The ALJ asked a vocational expert about available work for a person with Bolton's limitations. Although medical experts opined that Bolton can occasionally stoop[36] — Bolton testified that she can bend over at the waist[37] — the ALJ asked about no stooping. The vocational expert identified small products assemblers or production assemblers as available work.[38] According to the vocational expert, "posturals are not a factor."[39] The vocational expert's response shows work exists that Bolton can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[40] Because such work exists, Bolton was not disabled under social security law.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind

---

of jobs in the national economy that the claimant is capable of performing").

[35] *Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980).

[36] SSA record at pp. 201-06 & 209.

[37] *Id*. at p. 41 (Question: "How do you pick up objects off the floor if you can't squat?" Answer: "I bend over."…"And it's only light objects, like laundry basket, broom, light [sic], or dishes, you know, nothing really heavy."

[38] *Id*. at p. 54.

[39] *Id*.

[40] 42 U.S.C. § 1382c(a)(3)(B) (defining "disability" under social security law).

would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Bolton's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

    Dated this 21st day of November 2014.

                                            _____
                                            United States Magistrate Judge